**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

DINH KHOI TRUONG,

Petitioner,

v. No. 1:26-cv-1762-MLG-KRS

WARDEN, Torrance County Detention Center; et al,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Dinh Khoi Truong's Petition for Writ of Habeas Corpus ("Petition"). Doc. 2. The Court, having considered the Petition, having held a hearing on November 20, 2026, and being otherwise fully informed, denies the Petition for the following reasons, which were also stated on the record at the hearing.

First, Truong argues that the Court should review the process provided in his February 21, 2025, bond hearing, contending that the Immigration Judge ("IJ") wrongfully placed the burden of proof on Truong. Doc. 2 ¶ 40. Truong reasons that the Government, not the petitioner, should "bear[] the burden to prove by clear and convincing evidence that detainees would be a flight risk or danger to the community." *Id.* The Court disagrees. Truong provides no decisions from the Tenth Circuit or the U.S. Supreme Court to support this proposition, and the Court does not find the persuasive authorities from the Second Circuit, First Circuit, and other district courts to be convincing. *Id.* Further, at the November 20, 2026, hearing, Truong and Respondents agreed that 8 C.F.R. Section 1236.1 governed his bond hearing. That provision states that "Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release a[

noncitizen[1]]…provided that *the [noncitizen] must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.*" 8 C.F.R. § 1236.1(c)(8) (*emphasis added*). This provision of the Code of Federal Regulations places the burden on the petitioner to prove they are not a danger to the community or a flight risk, and it does not require the United States to prove the opposite by clear and convincing evidence.

Second, Truong argued at the November 20, 2026, hearing that the Court should hold that 8 C.F.R. Section 1236.1 is an unconstitutional violation of due process. The Court is unable to properly consider that argument because it was not briefed in the Petition. *See* Doc. 2; D.N.M.LR-Civ. 7.1(a) ("A motion must be in writing and state with particularity the grounds and the relief sought.").

Finally, to the extent that Truong's requested relief asks the Court to reweigh the evidence or review the discretionary decisions of the IJ, the Court lacks jurisdiction to do so. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the . . . denial of bond or parole."); 8 C.F.R. § 1003.10(a) (noting that immigration judges are appointed by the Attorney General to "act as the Attorney General's delegates in the cases that come before them").

For the foregoing reasons, and for the reasons stated on the record at the November 20, 2026, hearing, the Court denies the Petition. A final judgment will be entered separately.

---

[1] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA